PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT HANNA, | ) | |
| | ) | CASE NO. 5:13CV1360 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | **MEMORANDUM OF OPINION** |
| SOCIAL SECURITY, | ) | **AND ORDER RE: AFFIRMING** |
| | ) | **COMMISSIONER'S DECISION** |
| Defendant. | ) | [Resolving ECF No. 16] |

An Administrative Law Judge ("ALJ") denied Scott Hanna's claim for a period of disability ("POD"), disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits after a hearing in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Greg White for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report and Recommendation reasoning that the Commissioner's decision be affirmed. *See* ECF No. 15.

**I.**

When the magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report and Recommendation to which an

(5:13CV1360)

objection has been made.  28 U.S.C. § 636(b).  Objections to the Report and Recommendation must be specific, not general, in order to focus the court's attention upon contentious issues.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes whether substantial evidence supports the Commissioner's decision.  The Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently.  *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  However, in determining

2

(5:13CV1360)

whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

## II.

The Court has reviewed the Report and Recommendation (ECF No. 15) of the magistrate judge *de novo*. The Court has also considered Plaintiff's Objections (ECF No. 16) and Defendant's Response (ECF No. 17). Plaintiff "objects in full, but specifically objects . . . [that] the ALJ herein erred in his analysis of the opinion of treating physician Dr. Talampas." ECF No. 16 at PageID #: 733. The Court finds that Plaintiff's Objections (ECF No. 16) raise no arguments (factual or legal) that have not been fully addressed by the magistrate judge's Report & Recommendation (ECF No. 15). The Court agrees with the magistrate judge that the administrative record contains substantial evidence to support the ALJ's reasons for discounting the opinion of Plaintiff's treating physician, Liza D. Talampas, M.D.

3

(5:13CV1360)

### A. Treating Physician Talampas

Plaintiff argues that the good reasons the magistrate judge credited to the ALJ for discounting the opinions of Dr. Talampas were not good reasons, or were not reasons articulated by the ALJ. ECF No. 16 at PageID #: 734.

As a treating source, a special rule applies to the opinions of Dr. Talampas. In particular, the ALJ was required to give her opinions "controlling weight" if he found "the opinion[s] 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (*quoting* former 20 C.F.R. § 404.1527(d)(2) now § 404.1527(c)(2)); *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). Under the treating-source rule, when an ALJ finds that a treating physician's opinion is not entitled to "controlling weight," there remains a rebuttable presumption that the opinion is entitled to "great deference." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007); *see* SSR 96-2p, 1996 WL 374188, at *4. To rebut the presumption, the ALJ must show that substantial evidence supports not deferring to the treating source. *See Rogers*, 486 F.3d at 246. Furthermore, a procedural right accompanies the deference owed to treating sources: the ALJ must provide the claimant and a reviewing court with "good reasons" for not deferring to a treating-source opinion. *See Gayheart*, 710 F.3d at 376; *Rogers*, 486 F.3d at 243; *Wilson*, 378 F.3d at 544.

According to the ALJ:

On January 10, 2012, Dr. Liza Talamdas [sic] completed a Medical Opinion with respect to what she has determined to be Mr. Hanna's abilities and limitations.

(5:13CV1360)

> Interestingly, she also completed an Ohio Department of Jobs and Family Services form which shows there was no functional capacity testing performed (B19F). Nonetheless, she now opines that Mr. Hanna can lift and carry only 10 pounds on an occasional and frequent basis. She also opined that he could stand, walk and sit for only two hours in an eight-hour workday. She further opined that he would need to sit 30-45 minutes and then stand 30-45 minutes alternatively. Likewise, she opined that he would have to walk every 30-45 minutes for at least five minutes at a time. Moreover, she opined that he could never twist, stoop, crouch or climb ladders. Yet, she noted he could occasionally climb stairs. Further, reaching overhead and pushing/pulling are affected, but she did not note the frequency. She also noted that he must avoid concentrated exposure to extreme cold and extreme heat, even though these are never alleged to exacerbate his condition (B20F). I give the opinion of Dr. Talamdas [sic] little probative weight because it is not consistent with the medical evidence of record. Specifically, on May 23, 2011, Mr. Hanna reported he was doing "okay" (B15F/3). Likewise, the record shows only routine and conservative treatment with the use of medications and at the same dosage over time. Further, her treatment notes show he has been stable in pain management (B15F/10). Consequently, Dr. Talamdas' [sic] opinion is not supported by the record as a whole, including Mr. Hanna's reported daily activities.

ECF No. 12 at PageID #: 77.

The ALJ found that the functional limitations set forth in Dr. Talampas' opinion were not supported by "Mr. Hanna's reported daily activities." Courts have found a plaintiff's reported daily activities to be a "good reason" for discounting a treating physician's opinion. *See Dyer v. Soc. Sec. Admin.*, No. 13-6024, 2014 WL 2609548, at *4 (6th Cir. June 11, 2014) (affirming ALJ discounting treating physician's opinions based on substantial evidence of plaintiff's testimony detailing her ability to perform daily chores, despite additional testimony by plaintiff that she receives help from family members).

While Plaintiff argues that the ALJ did not articulate that the treating physician's opinion was discounted because the opinion was inconsistent with the Plaintiff's reported daily activities, *see* ECF No. 16 at PageID #: 734, the ALJ explicitly expressed, "Dr. [Talampas'] opinion is not

(5:13CV1360)

supported by the record as a whole, including Mr. Hanna's *reported daily activities*." ECF No. 12 at PageID #: 77 (emphasis added).  The ALJ had discussed Plaintiff's "relatively normal activities of daily living" earlier in the decision, including the Plaintiff walking "to the library almost every day," and the fact Plaintiff does some house work.  ECF No. 12 at PageID #: 75. The ALJ also noted Plaintiff's testimony of having 18 "bad days" a month impairing his ability to walk was "not credible."  ECF No. 12 at PageID #: 74.

An ALJ decision to discount a physicians' opinions that are inconsistent with other evidence, which is supported by substantial evidence, is "good reason."  *See, e.g., Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007) ("The ALJ declined to give Barber's and Griner's opinions controlling weight, specifically stating that they were 'inconsistent with the overall evidence of record,' a factual determination within his discretion under § 404.1527(d)(2)"); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010) ("The ALJ found that Dr. Bennett's conclusion was not fully supported by her own materials or the record as a whole").

In the case at bar, the ALJ explicitly cited seemingly incomplete or inconsistent aspects of Dr. Talampas' opinions.  The ALJ noted that "no functional capacity testing" was conducted yet Dr. Talampas opined on the Plaintiff's abilities, Dr. Talampas "did not note the frequency" that Plaintiff's reaching overhead and pushing/pulling was affected, nor was Dr. Talampas' opinion "consistent with the medical evidence of record." That was discussed at length earlier in the ALJ decision.  ECF No. 12 at PageID #: 77.  In describing the various MRIs Dr. Talampas relied on in her opinion, the ALJ emphasized how the MRIs showed largely "mild" results, such as mild

6

(5:13CV1360)

bruising and degenerative changes. ECF No. 12 at PageID #: 74-75. Furthermore, the ALJ noted the "routine and conservative treatment with the use of medications and at the same dosage over time," which indicates Plaintiff's ailments were sufficiently treated to alleviate pain. ECF No. 12 at PageID #: 77.

As noted above, the Court will affirm an ALJ decision if there is substantial evidence to support the ALJ, even if there also exists substantial evidence supporting the opposite decision. Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Mullen, 800 F.2d at 545. The Court concludes the ALJ provided an adequate explanation with "good reasons" for giving Dr. Talampas' opinions limited weight. Substantial evidence supports the discounted weight the ALJ afforded to Dr. Talampas' opinions.

### B. Obesity

Plaintiff argued in his Brief on the Merits that the "ALJ did not sufficiently address Plaintiff's obesity and its effect on his musculoskeletal problems." ECF No. 13 at PageID #: 694. The magistrate judge appropriately analyzed that issue in his Report and Recommendation, finding that the ALJ did properly evaluate the impact of Plaintiff's obesity on his other problems. ECF No. 15 at PageID #: 732. Plaintiff, however, does not specifically mention obesity in his Objections (ECF No. 16).

A general objection to a magistrate judge's report and recommendation is insufficient for a district judge to review a magistrate judge's report and recommendation. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see Dozier v. Astrue, No. 1:11CV00782, 2012 WL 2343907, at *2 (N.D. Ohio 2012) (Pearson, J.) ("General objections are

(5:13CV1360)

not sufficient to alert the Court to errors allegedly made by prior reviewers, including the magistrate judge"). Plaintiff specifically objected to the magistrate judge's analysis regarding the treating physician's opinion, yet Plaintiff does not mention any objection to the magistrate judge's analysis regarding obesity. ECF No. 16. "Only those objections that are specific are entitled to a *de novo* review under the statute." Marshall v. Commissioner of Social Sec. No. 13-cv-10658, 2014 WL 2587612, at *1 (E.D. Mich. June 10, 2014) (citing Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986)). Therefore, the Court will not analyze further whether the ALJ sufficiently addressed the contributing impact of Plaintiff's obesity on his ability to function.

**III.**

Accordingly, the Report & Recommendation (ECF No. 15) of the Magistrate Judge is hereby adopted and Plaintiff's Objections (ECF No. 16) are overruled. The decision of the Commissioner is affirmed. Judgment will be entered in favor of Defendant.


IT IS SO ORDERED.


| | |
|---|---|
|   July 30, 2014 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |